UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GLENN EDWARD MERRIFIELD,

           Plaintiff,          CIV S-05-1068 LKK PAN PS

     v.

                                             ORDER

SANTA BARBARA COUNTY RISK
MANAGEMENT, SANTA BARBARA COUNTY,
SANTA BARBARA SUPERIOR COURT, and
SANTA BARBARA COUNTY DISTRICT
ATTORNEY'S OFFICE,

           Defendants.

—oOo—

     Plaintiff, who resides in Santa Barbara, has filed in pro se a complaint and application to proceed in forma pauperis. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, all defendants are located and the claim arose in Santa Barbara County, which is in the Central District of California. Therefore, plaintiff's claims should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

Accordingly, this matter is hereby transferred to the United States District Court for the Central District of California.

So ordered.

Dated: June 6, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge